FREMONT C. PECK, ET AL., EXECUTORS OF THE WILL OF CLARA S. PECK, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61520, 61521. Promulgated August 14, 1934.

*J. Sterling Halstead, Esq.*, for the petitioners.
*George D. Brabson, Esq.*, for the respondent.

90

OPINION.

LEECH: The propriety of including the dividends and a part of the proceeds of the sale of the Woolworth stock, as gain thereon, in the income of petitioners' decedent, and petitioners, for 1928, rests upon the relationship between petitioners' decedent and the Times, existing, by virtue of the written agreements appearing in the findings of fact, at the receipt of these funds by the Times. Although these two agreements are not identically worded, we have no hesitation in concluding, as apparently the parties here concluded, that their meaning and intent was the same.

Whether the transfer of the Woolworth stock was a loan, as respondent contends, or a sale, which petitioners urge, petitioners' decedent, Clara S. Peck, legally could, and actually did, by the recited agreements, reserve to herself the right to the dividends paid thereon. *Bettendorf* v. *Commissioner*, 49 Fed. (2d) 173.

Although the contested dividends were undoubtedly received by the Times, they were " derived "—which is the word used in the applicable statute [1]—by decedent and petitioners. Cf. *Shellabarger* v. *Commissioner*, 38 Fed. (2d) 566; *Marion Stone Burt Lansill*, 17 B.T.A. 413.

The Times received these dividends, either as agent for Mrs. Peck, or the petitioners, in their collection, or as trustee for the same purpose. Cf. *Bettendorf* v. *Commissioner*, *supra*. If the former construction is accepted, petitioners' decedent, Mrs. Peck, and petitioners, are clearly liable as the taxpayers deriving the income therefrom, even though neither she nor petitioners actually received it from the Times. The receipt of income by an agent for that purpose is receipt by the principal. *Maryland Casualty Co.* v. *United States*, 251 U.S. 342; *Frank E. Best*, 26 B.T.A. 1070; *S. W. Forrester*, 23 B.T.A. 942.

If the status of the Times be construed as that of a trustee, then these dividends, immediately upon their receipt, became distributable under the terms of the express trust within which they were collected, and were thus taxable to the distributees thereunder, though never actually distributed. Revenue Act of 1926, section 219 (b) (2). Cf. *Bettendorf* v. *Commissioner*, *supra*. Accordingly, petitioners'

---

[1] Sec. 213 (a), Revenue Act 1926. The term " gross income " includes gains, profits, and income derived * * *.

assignment of error in reference to respondent's inclusion of the dividends in computing the contested deficiencies, is overruled.

But this controlling relationship between the Times and petitioners' decedent, in its effect here upon any profits on, or proceeds from, the sale of the Woolworth stock by the Times, was different from that relating to the dividends.

Certainly, if the controverted transfer of the stock to the Times were a sale, no income could have been derived by petitioners' decedent, or petitioners, in its later sale by the Times. Though not a sale, the same result follows upon the present record.

The purpose of the transfer to the Times was merely to relieve its financial difficulties, in accomplishing which, Mrs. Peck was obviously deeply interested. In effectuating this purpose by the transfer of the Woolworth stock under the terms of these agreements, no idea of securing pecuniary profit to her is apparent. No agency or trust was created under which this stock was to be sold *for* petitioners' decedent, or petitioners. She intended to and did provide for the return to her of an equal number of shares of the same stock borrowed and the payment to her of any dividends paid thereon in the meantime, or, in the event of the sale of the stock, the equivalent thereof. However, no obligation upon the Times to account to petitioners' decedent, or petitioners, for any part of the proceeds of their sale of this stock, directly or indirectly, resulted from these agreements, or otherwise.

Under the terms of the recited agreements, decedent loaned this stock, not money, as in the case of *Frank E. Best, supra.* In exchange for the promises of the Times contained in these agreements, petitioners' decedent transferred the stock, together with all incidents of ownership therein, except the right to enjoy the dividends thereon. These incidents of ownership, so transferred, included the right to sell or hypothecate the stock for its own account. The Times exercised this right. No gain was derived by petitioners' decedent, or petitioners, in such sale. *Provost* v. *United States*, 269 U.S. 443; *James* v. *United States*, 63 Ct.Cls. 379. The assignment of error directed to the inclusion of such gain in the computation of the disputed deficiencies, is sustained.

*Decision will be entered under Rule 50.*